IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| LARRY D. WILLIS, | |
| Plaintiff, | |
| v. | Civil Action Number 3:05CV325 |
| LEIGHTON P. CLARK, et al., | |
| Defendants. | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, and in the alternative, Motion to Transfer Venue. Defendants have also filed a Motion to Dismiss for Failure to State a Claim. For the following reasons, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

I.

As a general partner of the Ratliff & Willis Partnership, Plaintiff Larry D. Willis acquired all right, title, and interest in the Johnson Road Property, in Arizona. Compl. ¶ 7–8. Defendant Leighton Clark is the managing member of VOLDW, LLC ("VOLDW") and currently the managing member of Palo Verde Acquisitions, LLC ("Palo Verde"). Clark Aff. ¶ 4–5. They are co-defendants in the litigation. Willis hired Defendant Leighton P. Clark to defend him in a lawsuit concerning the Johnson Road Property. Id. ¶ 11. A judgment was entered against Plaintiff in Great Western Associates II v. Great Equity Company and Willis, No. 88-31422 (the "Great Western Judgment").

1

In or before 1995, Clark purchased the Great Western Judgment. Id. ¶ 13.  Willis asserts that Clark did not inform him of the purchase and that he never consented to Clark's purchase of the "Great Western Judgment." Id.  ¶ 14.  Willis further alleges that in June, 1995, Defendants issued a writ of general execution for the sheriff to levy on the Property and sell it to satisfy the Great Western Judgment. Id. ¶ 15.  Willis alleges that he had no knowledge of the enforcement proceedings.  On July 27, 1995, Defendants purchased 65 acres of the Johnson Road Property. Id. ¶ 18.

In November, 1996, Willis filed for bankruptcy.  Id.  ¶ 27.  On February 26, 1997, the United States Bankruptcy Court for the Central District of California entered its Order discharging the Great Western Judgment.  Id. ¶ 30.

 In 2003, VOLDW assigned all of its right, title, and interest in the Johnson Property to Palo Verde.  Def. Memo at 2.  Palo Verde has sold most of the Property, except for one parcel, which is in escrow and the sale is pending. Id. On April 25, 2005, Palo Verde's attorney Alan Leibowitz, sent a letter to Willis's former business partner, Steven Ratliff, in Arizona.  The letter requested Ratliff execute a quitclaim deed of a parcel of Johnson Road Property. Id.  ¶ 43–44.  This letter was in turn faxed to Plaintiff Larry Willis at his Virginia location.  Compl. Ex. F.

Plaintiff asserts six counts against Defendants.  Count One charges Defendant with common law fraud.  Count Two charges Defendant with civil conspiracy.  Count Three charges Defendant with Conversion–for wrongfully exerting dominion over Willis's property in denial of Willis's rights and responsibilities.  Count Four requests imposition of a constructive trust over real estate currently titled in Defendants' names.  In Count Five, Plaintiff requests a full and immediate accounting from Clark of action taken by Clark relating to any of Willis's property.  Count Six requests entry of an Order permanently enjoining Defendants from ever using the Great Western Judgment to execute

2

against any of Willis's property.

## II.

Federal Rule of Civil Procedure 12(b)(2) is applicable to motions to dismiss for lack of jurisdiction over a person. The burden of establishing personal jurisdiction rests with the plaintiff. Mylan Lab., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993).

In addressing Defendant's Motion to Dismiss for lack of personal jurisdiction, the Court engages in a two-step inquiry. First, whether the defendant is subject to jurisdiction under the Virginia long-arm statute. Second, whether personal jurisdiction comports with due process. RZS Holdings AVV v. PDVSA Petroleos S.A., 293 F. Supp. 2d 645, 648 (E.D. Va. 2003). Plaintiff has not met either the requirements of Virginia's long-arm statute or the constitutional due process requirements with respect to the assertion of personal jurisdiction over Defendants.

A. Virginia's Long Arm Statute

Willis asserts that personal jurisdiction is appropriate under three provisions of the Virginia long-arm statute: Virginia Code § 8.01-328.1(A)(1) permits the exercise of personal jurisdiction in Virginia over entities "transacting any business in this Commonwealth"; Virginia Code § 8.01-328.1(A)(3) permits the exercise of jurisdiction over entities "causing tortious injury by an act or omission in this Commonwealth"; and Virginia Code § 8.01-328.1(A)(4) permits the exercise of personal jurisdiction over entities "causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth."

Defendants' alleged contacts with Virginia are not sufficient to conclude that they "transact business" in Virginia and thus are subject to personal jurisdiction under § 8.01-328.1(A)(1). It is undisputed that Defendants have no facilities or presence in Virginia. Defendants maintain no offices in Virginia, nor do they employ individuals in Virginia. For its contention that Defendants "transacted business" in Virginia, Plaintiff points out that Section 8.01-328.1 is a "single-act" statute. The code requires only a single act of transacting business in the Commonwealth. To confer jurisdiction over a defendant however, the single act must be significant. Desantis v. Hafner Creations, 949 F. Supp. 419, 424 (E.D. Va. 1996) (holding that personal jurisdiction was not satisfied where a mail-order bag seller selling bags over the course of one year, sold one bag to an individual in the state of Virginia).

Plaintiff does not point to any single business transaction upon which he bases his claim. Willis alleges that Clark "delivered numerous documents to Willis in Virginia in furtherance of Clark's scheme to defraud Willis and convert Willis's property." Pltff. Opp. Memo at 3. While Plaintiff alleges receiving several documents related to the fraudulent scheme, he does not identify what these documents are. Plaintiff identifies one letter he received from Defendant on January 17, 1997. However, this letter describes claims related to a separate property, known as "Rocky Pointe." Pltff. Opp. Memo Ex. 8. Additionally, sending letters to a plaintiff in Virginia is insufficient contact with Virginia to establish a basis for personal jurisdiction under the Virginia long-arm statute. RZS Holdings, 293 F. Supp. 2d at 650 (sending fax communications to Virginia and posting a website are insufficient contacts for the court to confer personal jurisdiction); see also Superfos Invs. Ltd. v. Firstmiss Fertilizer, Inc., 774 F. Supp. 393, 399 (E.D. Va. 1991) (negotiating a contract by correspondence and telephone calls to Virginia do not satisfy transaction of business).

Plaintiff's jurisdictional argument does not solely rely on the transacting business provision of the long-arm statute.  Plaintiff also purports to rely on Virginia Code § 8.01-328.1(A)(3).  This Section provides for personal jurisdiction where the defendant has caused tortious injury in the Commonwealth.  Plaintiff alleges that the injury was caused in Virginia, because "Defendants' misconduct has been aimed at Willis in Virginia for at least eight (8) years now."  Pltff. Opp. Memo at 4.  Defendants allege the only communications with Virginia consisted of communications with Plaintiff's counsel at or about the time Defendants received Plaintiffs' Complaint. Clark Ex. ¶ 12. Additionally, Clark pleads he has never traveled to Virginia, nor executed any contracts in Virginia, nor sent any documents directly to Plaintiff in Virginia, by mail, facsimile, email, or otherwise. Plaintiff can not establish that Defendants caused tortious injury while present in the Commonwealth of Virginia.

Section 8.01-328.1(A)(4) provides for personal jurisdiction where defendant has caused tortious injury in Virginia by an act or omission outside Virginia provided that defendant regularly does business, engages in persistent course of conduct, or derives substantial revenue from goods or services rendered in Virginia.  Plaintiff misstates and misapplies the Virginia long-arm statute, stating it  permits the Court to exercise jurisdiction over non-residents "who cause tortious injury in the Commonwealth by an act or omission outside the Commonwealth 'if [they] . . . engage[] in any . . . persistent course of conduct.'" Pltff. Opp. Memo at 1-2.  Obviously, the "persistent course of conduct" required by the long-arm statute must occur in, or relate to Virginia.  Plaintiff has not sufficiently alleged any basis for the exercise of personal jurisdiction under Virginia's long-arm statute.

B.  Due Process

This Court also considers whether the exercise of personal jurisdiction would violate due process. Peanut Corp. of America v. Hollywood Brands, Inc., 696 F.2d 311, 314 (4th Cir. 1982). Jurisdiction should be upheld where the person over whom jurisdiction is asserted has established "certain minimum contacts" with the forum such that requiring him to defend his interests in the forum would not "offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  The plaintiff must show that the defendant "purposely directed his activities at the residents of the forum," and that the plaintiff's claim arises out of the defendant's forum-related activities. Burger King Corp. v. Ruzewicz, 471 U.S. 462, 472 (1985). This test is designed to ensure that the defendant is not subjected to a forum in which he has only 'random,' 'fortuitous,' or 'attenuated' contacts.  Id.

This Court may exercise specific personal jurisdiction over matters that arise out of or relate to the nonresident defendant's contacts with the state.  Heathmount A.E. Corp. v. Technodome, 106 F. Supp. 2d 860, 865 (E.D. Va. 2000).  These principles compel the conclusion that Defendants' contacts with Virginia are insufficient under the due process clause.   As previously noted, while Plaintiff alleges receiving several letters and documents in furtherance of Defendants' fraudulent scheme, this Court cannot discern what these documents are.  Plaintiff has not identified documents that show that Defendants purposely directed their activities to Virginia.  Without any regular contacts, this Court cannot conclude that Defendants should have reasonably anticipated being sued in Virginia.

General jurisdiction exists when the defendant has substantial contacts with a state.  If a court has general jurisdiction over a Defendant, then it may exercise jurisdiction over claims that do not

6

arise out of or relate to the nonresident defendant's contacts with the forum state.  <u>Heathmount</u>, 106 F. Supp. 2d at 865.  Yet, the "threshold level of minimum contacts to confer general jurisdiction is significantly higher than for specific jurisdiction."  <u>ESAB Group, Inc v. Centricut, Inc.</u>, 126 F.3d 617, 623–24 (4th Cir. 1997).  The activities in the forum state must be "continuous and systematic."  <u>Helicopteres Nacionales de Columba v. Hall</u>, 466 U.S. 408, 414 (1984).  Where Defendants do not meet the lower specific jurisdiction standard, their lack of Virginia contacts will be too limited to satisfy the higher requirements of general jurisdiction.

Plaintiff erroneously relies on <u>Young v. New Haven Advocate</u>, 184 F. Supp. 2d 498 (E.D. Va. 2001) for the proposition that if a Defendant knows that Plaintiff is a citizen of Virginia, and the effects of the conduct are felt in Virginia, the due process is satisfied.  This case was overruled by the Fourth Circuit, in <u>Young v. New Haven Advocate</u>, 315 F.3d 256 (4th Cir. 2002).  The case involved internet based activities, and held that a Virginia court "cannot constitutionally exercise jurisdiction over the Connecticut-based newspaper defendants because they did not manifest an intent to aim their websites or posted articles at a Virginia audience." <u>Id.</u> at 258–59.

This case involves property in dispute in Arizona, a sheriff's sale of part of the disputed land in Arizona, and other activities Defendants allegedly engaged in, which took place in, or were directed to Arizona.  Plaintiff relies on his current residence in Virginia, and his lawyer's receipt of legal documents in Virginia to satisfy due process.   The defendant is protected from being subject to personal jurisdiction based on attenuated contacts with the forum state.

### III.

Plaintiff Willis has failed to establish that Clark has the minimum contacts with Virginia necessary to satisfy the requirements of Virginia's long-arm statute or due process.  Therefore,

Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.  Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

      Having GRANTED Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, the Court will not consider Defendants' Motion to Dismiss for Failure to State a Claim.


              /s/ JAMES R. SPENCER
              UNITED STATES DISTRICT JUDGE


ENTERED this __31st__ day of OCTOBER, 2005